IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EMMANUEL CASTRO, ANGEL ORNELAS, ISRAEL WAINIONPA, CHRISTOPHER OLIVARES, KLYE MCCAUSEY, FRANCISCO GARCIA, KENNETH CARRINGTON, JOSEPH ORTEGA, MARK LOZANO, DYLAN RENPENNING, CONRADO SALAZAR, KENNETH LEWIS and VINCENT RAMOS,** Each Individually and on behalf of Others Similarly Situated | **PLAINTIFFS** |
| vs. | 5:15-cv-632-FB |
| **PADCO ENERGY SERVICES, LLC** and **MICHAEL CARR** | **DEFENDANTS** |

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COME now Plaintiffs Emmanuel Castro, Angel Ornelas, Israel Wainionpa, Christopher Olivares, Kyle McCausey, Francisco Garcia, Kenneth Carrington, Joseph Ortega, Mark Lozano, Dylan Renpenning, Conrado Salazar, Kenneth Lewis, and Vincent Ramos, each individually and on behalf of others similarly situated, by and through their attorneys Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Collective Action against Defendants PADCO Energy Services, LLC (hereinafter "PADCO" or "Defendant") and Michael Carr (hereinafter individually as "Carr") (collectively referred to herein in the singular "Defendant"), and in support thereof they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is an action brought by Plaintiffs, each individually and on behalf of

others similarly situated, against Defendant under the Fair Labor Standards Act.

2. The proposed Section 216 classes are composed on behalf of employees who are or were Field Hands/Laborers and/or Field Leads for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws.

3. The proposed Section 216 classes will seek recovery of monetary damages for all overtime worked by Plaintiffs and the putative class members.

4. Plaintiffs, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

6. Each Plaintiff has filed herein his own written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

7. The purpose of the amended complaint is to properly name original Plaintiff Israel Wainionpa (whose last name was misspelled in the Original Complaint), add recent opt-ins as named Plaintiffs, and add Carr as an additional Defendant.

## II. THE PARTIES

### A. Plaintiffs

#### i. Emmanuel Castro

8. Plaintiff Emmanuel Castro a resident and citizen of Uvalde County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

9. At all times relevant hereto Castro was intentionally misclassified as exempt from overtime wages and paid a salary.

10. Castro was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

#### ii. Angel Ornelas

11. Plaintiff Angel Ornelas is a resident and citizen of Frio County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

12. At all times relevant hereto Ornelas was intentionally misclassified as exempt from overtime wages and paid a salary.

13. Ornelas was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

#### iii. Israel Wainionpa

14. Plaintiff Israel Wainionpa is a resident and citizen of Henderson County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

15. At all times relevant hereto Wainionpa was intentionally misclassified as

exempt from overtime wages and paid a salary.

16. Wainionpa was employed by Defendant as a Field Hand/Laborer and a Field Lead within the time period relevant to this Complaint.

### iv. Christopher Olivares

17. Plaintiff Christopher Olivares is a resident and citizen of Hays County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

18. At all times relevant hereto Olivares was intentionally misclassified as exempt from overtime wages and paid a salary.

19. Olivares was employed by Defendant as a Field Hand/Laborer and a Field Lead within the time period relevant to this Complaint.

### v. Kyle McCausey

20. Plaintiff Kyle McCausey is a resident and citizen of Wichita County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

21. At all times relevant hereto McCausey was intentionally misclassified as exempt from overtime wages and paid a salary.

22. McCausey was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### vi. Francisco Garcia

23. Plaintiff Francisco Garcia is a resident and citizen of Hidalgo County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

24. At all times relevant hereto Garcia was intentionally misclassified as exempt from overtime wages and paid a salary.

25. Garcia was employed by Defendant as a Field Hand/Laborer and a Lead within the time period relevant to this Complaint.

### vii. Kenneth Carrington

26. Plaintiff Kenneth Carrington is a resident and citizen of Frio County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

27. At all times relevant hereto Carrington was intentionally misclassified as exempt from overtime wages and paid a salary.

28. Carrington was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### viii. Joseph Ortega

29. Plaintiff Joseph Ortega is a resident and citizen of Cameron County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

30. At all times relevant hereto Ortega was intentionally misclassified as exempt from overtime wages and paid a salary.

31. Ortega was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### ix. Mark Lozano

32. Plaintiff Mark Lozano is a resident and citizen of La Salle County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford

shale in Southwest Texas.

33. At all times relevant hereto Lozano was intentionally misclassified as exempt from overtime wages and paid a salary.

34. Lozano was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### x. Dylan Renpenning

35. Plaintiff Dylan Renpenning is a resident and citizen of Frio County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

36. At all times relevant hereto Renpenning was intentionally misclassified as exempt from overtime wages and paid a salary.

37. Renpenning was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### xi. Conrado Salazar

38. Plaintiff Conrado Salazar is a resident and citizen of Bexar County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

39. At all times relevant hereto Salazar was intentionally misclassified as exempt from overtime wages and paid a salary.

40. Salazar was employed by Defendant as a Mechanic, Field Hand and/or a Laborer within the time period relevant to this Complaint. Although Salazar was employed as a Mechanic, he frequently performed the job duties of a Hand during his employment with Defendant.

### xii. Kenneth Lewis

41. Plaintiff Kenneth Lewis is a resident and citizen of Comal County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

42. At all times relevant hereto Lewis was intentionally misclassified as exempt from overtime wages and paid a salary.

43. Lewis was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### xiii. Vincent Ramos

44. Plaintiff Vincent Ramos is a resident and citizen of Bexar County, Texas. He was employed by Defendant to work in oilfields in Texas, including in the Eagle Ford shale in Southwest Texas.

45. At all times relevant hereto Ramos was intentionally misclassified as exempt from overtime wages and paid a salary.

46. Ramos was employed by Defendant as a Field Hand and/or a Laborer within the time period relevant to this Complaint.

### B. Defendants

47. PADCO is a for-profit, foreign limited liability company created and existing under and by virtue of the laws of the State of Louisiana and registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

48. PADCO has annual gross revenues exceeding $500,000.00.

49. PADCO's principal address is 401 Market Street, Suite 650, Shreveport Louisiana 71101, with a business location at 1770 West Hwy 85, Dilley, Texas 78017.

50. PADCO's registered agent for service in the State of Texas is Rebecca Compton at 226 CR 4670, Dilley, Texas 78017.

51. PADCO was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

52. Defendant Michael Carr is an individual who resides in the State of Louisiana.

53. Carr controls the day-to-day operations of PADCO, or has the right so to control PADCO, that he is liable to Plaintiffs and the class members identified herein as an employer under the FLSA.

54. Carr hired many Plaintiffs and class members.

55. Carr established and maintained the policies at issue in this case.

### III. JURISDICTION AND VENUE

56. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

57. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

58. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Field Hands/Laborers and/or Field Leads who were, are or will be employed by Defendant and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiffs and of those similarly situated.

59. Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendant as Field Hands/Laborers and/or Field Leads and who were misclassified (as exempt, but were in fact non-exempt) hourly employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

60. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 50 persons but is less than 250 persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

61. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

62. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable

FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

63. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

64. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## V. FACTUAL ALLEGATIONS

65. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

66. Plaintiffs were employees of Defendant within the last three years and were misclassified (exempt from overtime) during that time period.

67. Upon commencement of work at Defendant, Plaintiffs did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

68. In performing their services for Defendant, Plaintiffs were not required to utilize any professional education relevant to their job duties.

69. Plaintiffs' primary duties as Field Hands/Laborers and/or Field Leads were to assist in fracking oil and gas wells and to operate wire line and other fracking equipment at the wells.

70. Plaintiffs were classic blue-collar workers, spending their physical, demanding, long shifts outdoors in the elements, and not in an office.

71. During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

72. Plaintiffs did not select any employees for hire nor did they provide any formal training for any employee. Plaintiffs had no ability to hire and fire any employee.

73. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

74. Plaintiffs did not maintain or prepare production reports or sales records for use in supervision or control of the business.

75. Plaintiffs did not have any responsibility for planning or controlling budgets.

76. On average, Plaintiffs worked approximately seventy (70) to one-hundred (100) hours per week. They did not receive any overtime compensation.

77. Plaintiffs did not receive overtime premiums for hours worked in excess of 40 in a workweek.

78. Plaintiffs worked more than 40 hours in almost all workweeks during which they were employed by Defendant.

## VI. COLLECTIVE ACTION ALLEGATIONS

79. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated herein.

80. Plaintiffs bring this collective action to recover monetary damages owed by Defendant to Plaintiffs and members of the putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

81. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

82. In addition, and in the alternative, Plaintiffs bring this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

83. Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Classes are defined as follows:

CLASS A

**All former and current employees of Defendant who were employed as salaried Field Hands/Laborers since July 30, 2012.**

CLASS B

**All former and current employees of Defendant who were employed as salaried Field Leads since July 30, 2102.**

84. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

85. The Class members are so numerous that joinder of all members is

impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least fifty putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period.

## VII. FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of FLSA)**

86. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

87. Defendant intentionally misclassified Plaintiffs as exempt from overtime compensation.

88. Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

89. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

91. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA against Plaintiffs and All Those Similarly Situated Class Members)

92. Plaintiffs repeat and re-allege all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

93. Defendant required Plaintiffs and similarly situated members of the classes to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

94. Defendant deprived Plaintiffs and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

95. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

96. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated members of the classes for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

97. The entirety of both putative classes were eligible for the same non-discretionary bonuses as were Plaintiffs.

## IX. WILLFULNESS

98. Plaintiffs repeat and re-allege all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

99. All actions by Defendant were willful and not the result of mistake or inadvertence.

100. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

101. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Field leads and Field Hands.

102. Law in support of the position taken by Plaintiffs in this lawsuit is reflected in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

103. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

104. Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## X. PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs Emmanuel Castro, *et. al*., each individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**EMMANUEL CASTRO, ANGEL ORNELAS, ISRAEL WAINIONPA, CHRISTOPHER OLIVARES, KYLE MCCAUSEY, FRANCISCO GARCA, KENNETH CARRINGTON, JOSEPH ORTEGA, MARK LOZANO and DYLAN RENPENNING, Each Individually and on behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com